21-2757-cv
*Integrity Social Work Servs. v. Becerra*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

INTEGRITY SOCIAL WORK SERVICES, LCSW, LLC, a New York professional services limited liability company,

*Plaintiff-Appellant*,

v.                                                                No. 21-2757-cv

XAVIER BECERRA, Secretary of the United States Department of Health and Human Services, SAFEGUARD SERVICES LLC, a Delaware Limited Liability Company,

*Defendants-Appellees*,

---

| | |
|---|---|
| For Plaintiff-Appellant: | MICHAEL TRAN (Michael J. Khouri, *on the brief*), Khouri Law Firm, APC, Irvine, CA. |
| For Defendant-Appellee: | DENNIS FAN (Michael S. Raab, *on the brief*), Washington, D.C., *for* Brian M. Boynton, Acting Assistant Attorney General, Breon Peace, United States Attorney for the Eastern District of New York, |

Daniel Barry, Acting General Counsel, Rachel Park, Chief Counsel, Region II, Bradford Glick, Assistant Regional Counsel U.S. Dep't of Health & Human Servs.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Peggy Kuo, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Integrity Social Work Services, LCSW, LLC ("Integrity") appeals from the October 1, 2021, judgment of the United States District Court for the Eastern District of New York dismissing its complaint against the Secretary of the United States Department of Health and Human Services and Safeguard Services LLC (together, the Defendants). We assume the reader's familiarity with the record, including the district court's thorough summary of the appeals process and channeling provisions under the Medicare Act. *See Integrity Soc. Work Servs., LCSW, LLC. v. Azar*, No. 20-cv-2770, 2021 WL 4502620, at *1–*4 (E.D.N.Y. Oct. 1, 2021).

"We review the grant of a Rule 12(b)(6) motion to dismiss de novo. We accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Estle v. Int'l Bus. Machines Corp.*, 23 F.4th 210, 212–13 (2d Cir. 2022) (internal quotation marks omitted).

Although the district court held that Integrity was required to administratively exhaust some portions of its claims, it subsequently considered the merits of its complaint and concluded that Integrity had, in any event, failed to state a claim for relief. On appeal, Integrity challenges both the procedural and substantive aspects of the district court's decision. We may affirm on any ground that finds support in the record. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018). Here, even assuming that Integrity was not required to exhaust its claims administratively, we conclude that it has not alleged a violation of its right to procedural or substantive due process.

## I. Procedural due process

To state a claim for violation of the right to procedural due process, a plaintiff must plausibly allege that it was "deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013). Thus, a plaintiff must show that the government deprived it of a protected property right without adequate process. *See id.* In assessing how much process is due, courts balance three factors that the Supreme Court first laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976):

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the fiscal and administrative burdens that the additional or substantive procedures entail.

*Furlong v. Shalala*, 238 F.3d 227, 236 (2d Cir. 2001).

On appeal, Integrity argues first that it was deprived of due process because it could not immediately challenge the decisions of one Medicare contractor, the Unified Program Integrity Contractor ("UPIC"), which determined that all of Integrity's claims for payment should have been denied. But the UPIC's determination had no practical effect on its own—only another Medicare contractor (the Medicare Administrative Contractor or "MAC") could initiate recoupment proceedings. *See* 42 U.S.C. § 1395ddd(b)(3); Medicare Program Integrity Manual ("MPIM") §§ 8.2.3.2, 8.4.7.1. Therefore, Integrity has not shown why its inability to immediately challenge the UPIC's determination would result in any risk of erroneous deprivation.

Integrity next argues that the district court overlooked the fact that the delay in a hearing before an Administrative Law Judge ("ALJ") deprived it of its right to carry on its psychotherapy business and maintain the associated good will in its business. Integrity cites no authority for the proposition that a court must consider the downstream economic effects of the deprivation of its property interest in balancing the factors from *Mathews v. Eldridge*. The only arguably cognizable interest underlying Integrity's procedural due process claim is its interest in payments for services that it renders to Medicare beneficiaries. The possibility that it might suffer further business consequences if deprived of that property does not weigh in the balance. And the Medicare Act provides protection to providers for whom immediate repayment pending appeal "would constitute a hardship," allowing them to request a payment plan of up to three years, or up to five years if repayment would create "extreme hardship." 42 U.S.C. § 1395ddd(f)(1)(A).

Finally, Integrity argues that the statutory option to bypass the third and fourth steps of administrative review (that is, skipping over review by an ALJ and the Medicare Appeals Council to get to federal district court) is insufficient to protect its interest because an ALJ would conduct a *de novo* review while a district court reviewing the contractor record would be more deferential. Integrity's argument is unpersuasive. If Integrity believes it would benefit from thorough, *de novo* review, that avenue is available to it through the standard administrative procedures. *See* 42 U.S.C. § 1395ff(b)(1)(A); 42 C.F.R. § 405.1000 *et seq*. If it instead requires swifter recourse to federal district court, that path is also open. *See* 42 C.F.R. § 405.1132; *id.* § 405.1100(d). In sum, we conclude that the appeals process afforded to Medicare providers is constitutionally sufficient. We therefore affirm the dismissal of Integrity's procedural due process claim.

## II.     Substantive due process

"For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). Integrity has not identified any conduct that is "outrageous." It asserts that the UPIC's decision to "extrapolate[] an overpayment determination over an 18 year period . . . essentially rendered Integrity's entire business ineligible for reimbursement payments without providing [I]ntegrity with a timely post-deprivation hearing." Appellant Br. at 27–28. As noted earlier, though, the UPIC's determination had no practical effect until it was reviewed and ratified by the MAC. *See* MPIM §§ 8.2.3.2, 8.4.7.1; 42 U.S.C § 1395ddd(b)(3). And Integrity does not argue that the UPIC's decision was incorrect. Rather, it asserts only that the recoupment procedures, particularly the use of contractors and delay in providing an ALJ hearing, are so fundamentally unfair that they violate the Due Process Clause even absent error. It cites no authority for that proposition. We affirm the dismissal of Integrity's substantive due process claim.

3

**III.  Leave to amend**

Finally, Integrity argues the district court erred in denying its request for leave to amend. It states that it was not given an opportunity to amend with "the benefit of knowing the District Court's ruling when it requested leave to amend."  Appellant Br. at 29.  It suggests that it would "add facts alleging how it was deprived of procedural and substantive due process based upon the Medicare regulations precluding review over certain UPIC determinations and the inadequacy of its procedures in protecting Integrity's rights."  *Id.*  "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  Here, we conclude that the Medicare recoupment and appeal procedures are constitutionally sufficient as a matter of law.  Integrity's proposed additions are vague and conclusory, and it fails to articulate how any facts it might allege would alter our legal conclusions. We therefore affirm the district court's denial of leave to amend.

*       *       *

We have considered the Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4